IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   Case No. 4:18cr76-RH/CAS

SCOTT CHARLES MADDOX,
JANICE PAIGE CARTER-SMITH,
and
JOHN THOMAS BURNETTE,

Defendants.
_____/

**GOVERNMENT'S MOTION FOR JOINT TRIAL OF ALL DEFENDANTS**

This is a racketeering conspiracy case involving three Defendants and numerous offenses. The Court previously set trial for the two initially charged Defendants—Scott Maddox and Paige Carter-Smith—to begin on November 4, 2019. The grand jury has since returned a superseding indictment adding a third Defendant, John Thomas Burnette. The initial date set for Defendant Burnette's trial is June 17, 2019. All of the defendants should be tried together. A single trial for joint defendants is presumed under Federal Rule of Criminal Procedure 14 absent a showing of prejudice. Defendant Burnette has made no such showing. Further, one trial of all three defendants complies with this Circuit's rule that jointly indicted co-conspirators be tried together, and is the most efficient use of judicial resources. Accordingly, the Government respectfully requests that the Court set the trial of all Defendants

for November 4, 2019, and that the Court finds that the period between the return of the superseding indictment and November 4, 2019, be excluded from the Speedy Trial Act calculations as to Defendant Burnette as a "reasonable period of delay when the defendant is joined with a co-defendant." *See* 18 U.S.C. §3161(h)(6).

## BACKGROUND

In December 2018, a federal grand jury charged Defendants Maddox (a City of Tallahassee Commissioner) and Carter-Smith in a 44-count indictment. ECF No. 1. The indictment included charges of RICO conspiracy, extortion, honest-services fraud, use of interstate facilities to facilitate bribery, bank fraud, false statements to a financial institution, conspiracy to interfere with the lawful function of the IRS, filing false tax returns, and false statements to federal officers. Count One alleges that these defendants conspired to conduct the affairs of an enterprise through a pattern of racketeering activity that, among other things, extorted money and accepted bribes under color of Commissioner Maddox's office and through fear of the economic harm which he could inflict in his position as an influential city commissioner. Among other charges, there are seven counts of extortion, in violation of 18 U.S.C. § 1951; eight counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; and four counts of honest services mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346. ECF No. 1 at 48–49.

On March 29, 2019, the Court held a status conference to set a trial date. ECF No. 71 at 1. Citing the voluminous discovery and the difficulty of listening to many hours of recordings, defense counsel requested a March 2020 trial date. ECF 71 at 12. The Court set a November 4, 2019 trial date. ECF No. 71 at 22. The Court also set July and August deadlines for the parties to exchange witness and exhibit lists. ECF No. 49 at 2; ECF No. 71 at 24.

On May 8, 2019, the grand jury returned a superseding indictment that adds John Thomas Burnette as a Defendant. ECF No. 54. The Superseding Indictment charges Defendant Burnette with participating in the RICO conspiracy (Count One), extortion with respect to Company F (Count Fourteen), honest services mail fraud with respect to Company F (Counts Twenty-Three through Twenty-Six), using facilities in interstate and foreign commerce to facilitate bribery (Counts Thirty-Six and Thirty-Seven), and making false statements to federal officers (Count Forty).

On May 9, 2019, Defendant Burnette appeared to face the Superseding Indictment and entered a plea of not guilty. ECF 67. Following that proceeding, United States Magistrate Judge Charles Stampelos entered an order setting Burnette's trial for June 17, 2019. ECF No. 70. On May 15, 2019, the Court entered an order for the Clerk to set a status conference on topics including "the scheduling of trial for all defendants." ECF No. 77.

## ARGUMENT

This Court should set the trial of all Defendants for November 4, 2019. Doing so satisfies defendant Burnette's statutory and constitutional rights to a speedy trial, and avoids the unnecessary expenditure of court and judicial resources that would be required to try the same conspiracy in two separate trials.

Under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." Under § 3161(h)(6), a court may grant "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

The scheduling order issued by Judge Stampelos notwithstanding, Defendant Burnette's trial has not been severed from that of his co-Defendants Maddox and Carter-Smith, and their time for trial has not run. The less than six-month delay from June 17 to November 4 is "a reasonable period of delay" under § 3161(h)(6), particularly in light of the voluminous discovery and complexity of the factual and legal issues in this case. Such delays due to a co-defendant's continuance have been

4

found appropriate by the Eleventh Circuit and others. *See, e.g.*, *United States v. Campbell,* 706 F.2d 1138, 1142 (11th Cir. 1983); *United States v. Fogarty,* 692 F.2d 542, 546-47 (8th Cir. 1982); *United States v. Edwards,* 627 F.2d 460, 461 (D.C. Cir. 1980).[1]

By demanding a separate trial in June, Defendant Burnette is essentially seeking a severance to which he is not entitled, without moving for one. Joinder of defendant Burnette with co-defendants Maddox and Carter-Smith is appropriate here under Rule 8(b) as each defendant participated in same charged RICO enterprise conspiracy. *See United States v. Russo*, 796 F.2d 1443, 1449 (11th Cir. 1986) ("[I]f [the indictment's] allegations, taken as true, establish participation of each defendant in a single conspiracy, joinder is proper" under Rule 8(b)). Even where the defendants are alleged to have committed different racketeering acts, joinder of defendants under Rule 8(b) is proper and severance is not appropriate. *United States v. Kabbaby*, 672 F.2d 857, 860–861 (11th Cir. 1982) (explaining that the "gist of a RICO offense . . . is that the defendant . . . furthered a racketeering enterprise," not that he committed particular predicate crimes, and thus the joinder of codefendants who committed unrelated predicate crimes was proper); *United States v. Bright*, 630

---

[1] Each of the cited cases refer to an older version of 18 U.S.C. §3161 when the current § 3161(h)(6) was found at § 3161(h)(7).

F.2d 804, 812–813 (5th Cir. 1980).

Construing Defendant Burnette's refusal to agree to a joint trial date as a motion to sever under Rule 14, he has made no showing of prejudice. Anticipating that Defendant Burnette may claim prejudice by the introduction of evidence relating to offenses charged only against his co-Defendants, it is well-settled that a defendant is not entitled to severance merely because he may have a better chance of an acquittal in a separate trial. *Zafiro v. United States*, 506 U.S. 534, 538 (1993). Further, to be entitled to a severance, a defendant must show compelling prejudice from a joint trial. *Russo*, 796 F.2d at 1450; *United States v. Watchmaker*, 761 F.2d 1459, 1476 (11th Cir. 1985) (rejecting claims that evidence was *de minimis* against individual defendants in relation to the rest of the evidence adduced against co-defendants as the determination is "whether the jury could avoid cumulating the evidence against all of the defendants and could make individualized guilt determinations"). Claims that there is a danger of transference of guilt, evidentiary spillover, or that the evidence against individual defendants is weak in a mass trial do not constitute compelling prejudice warranting a severance. *See Russo*, 796 F.2d at 1450.

Defendant Burnette will not be able to show compelling prejudice to warrant a severance from a joint trial in this case. Claims that he is charged in fewer offenses

than Defendants Maddox and Carter-Smith, that a disparity in evidence exists such that the evidence against the co-defendants as to other bribe and extortion offenses are extensive but do not involve Defendant Burnette, or any alleged prejudicial spillover from the evidence against Defendants Maddox and Carter-Smith will not warrant a severance from a joint trial.

Finally, although compliance with the Speedy Trial Act does not necessarily bar Sixth Amendment speedy trial claims, "'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" *United States v. Saintil,* 705 F.2d 415, 418 (11th Cir. 1983) (quoting *United States v. Nance,* 666 F.2d 353, 361 (11th Cir. 1981)); *United States v. Davenport*, 935 F.2d 1223, 1238–1239 (11th Cir. 1991). A single trial in November satisfies the four-factor test laid out by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514 (1972), for assessing claims of Sixth Amendment violations. The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) whether and how the defendant asserted the right to a speedy trial; and (4) the amount of prejudice suffered by the defendant.

First, the length of the delay from June until November is only five months. Given the complexity of this case and the large volume of discovery, a five-month delay of trial is not constitutionally unreasonable. Second, the delay is sought to

7

avoid the need for multiple trials regarding the same conspiracy. In this Circuit, the general rule is that "defendants who are jointly indicted should be tried together, and this rule applies with particular force in conspiracy cases." *Davenport*, 935 F.2d at 1239–1240 (citing Rule 8(b); *United States v. Simon,* 839 F.2d 1461, 1472 (11th Cir. 1988); *United States v. Alvarez,* 755 F.2d 830, 857 (11th Cir. 1985); and *United States v. Walker,* 720 F.2d 1527, 1533 (11th Cir. 1983)). Because "[a] joint trial is by far the most efficient method of presenting a complete picture of a complex conspiracy to the trier of fact," the continuance would be appropriate under the second factor. *Davenport*, 935 F.2d at 1240. Third, Defendant Burnette is demanding a separate trial without having set forth a sufficient statutory or constitutional basis to warrant severance under the circumstances of this case. Fourth, the requested five-month delay would not prejudice Defendant Burnette, and it would allow sufficient time for defense counsel to examine the voluminous discovery in this case—a task that counsel for the other Defendants anticipated could take them more than two months. Accordingly, the factors set forth in *Barker* demonstrate that the requested single trial date of November 4, 2019, is consistent with Defendant Burnette's Sixth Amendment right to a speedy trial.

## CONCLUSION

Accordingly, the Government respectfully asks that the Court set a joint trial of all defendants to begin on November 4, 2019.

Respectfully submitted on May 17, 2019,

| | |
|---|---|
| LAWRENCE KEEFE<br>United States Attorney | ANNALOU TIROL<br>Acting Chief, Public Integrity Section |
| */s/ Stephen M. Kunz*<br>STEPHEN M. KUNZ<br>GARY MILLIGAN<br>ANDREW J. GROGAN<br>Assistant United States Attorneys<br>Florida Bar No. 322415<br>D.C. Bar No. 484813<br>Florida Bar No. 85932<br>111 North Adams St., 4th Floor<br>Tallahassee, FL 32301<br>(850) 942-8430<br>stephen.kunz@usdoj.gov<br>gary.milligan@usdoj.gov<br>andrew.grogan@usdoj.gov | */s/ Peter M. Nothstein*<br>PETER M. NOTHSTEIN<br>SIMON J. CATALDO<br>ROSALEEN T. O'GARA<br>Trial Attorneys<br>Maryland Bar No. 0512140322<br>Massachusetts Bar No. 690879<br>Arizona Bar No. 029512<br>1400 New York Avenue, Suite 12000<br>Washington, D.C. 20005<br>(202) 514-2401<br>peter.nothstein@usdoj.gov<br>simon.cataldo@usdoj.gov<br>rosaleen.o'gara@usdoj.gov |

## CERTIFICATE OF CONFERENCE

In accordance with the local rules, the undersigned conferred with Defendant Burnette's counsel regarding the relief sought in this motion. Defense counsel objects to the relief sought in this motion.

                                      */s/Stephen M. Kunz*
                                      STEPHEN M. KUNZ
                                      Assistant United States Attorney

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this paper contains 1787 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

                                      */s/Stephen M. Kunz*
                                      STEPHEN M. KUNZ
                                      Assistant United States Attorney