IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                        4:18CR76-RH

JOHN THOMAS BURNETTE.
_____/

**RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR HEARING
REGARDING POSSIBLE CONFLICTS OF INTEREST**

Gregory Kehoe, co-counsel for John Thomas Burnette ("Burnette"), hereby responds to the Government's Motion for Hearing Regarding Possible Conflicts of Interest (the "Motion") as follows:

## INTRODUCTION

I respectfully submit that there is no basis to disqualify me or my firm, Greenberg Traurig, P.A. ("GT"). Although I and my firm do not have a conflict of interest in this situation, in order to avoid any question as to appearances, I have recused myself from any proceedings with respect to Joshua Doyle, a former FBI agent who is listed as a potential witness on the Government's October 4, 2019 Witness List. My name was included as co-counsel of record on the Motion to Dismiss the Second Superseding Indictment, which alleged that Mr. Doyle fabricated an allegation as to Burnette when he worked as an FBI agent on

Burnette's investigation. However, I have taken steps to remove my name from the Motion and ask that the Court accept that removal *nunc pro tunc*. With Burnette's approval, other counsel for Burnette drafted, are handling and will handle that aspect of Burnette's defense.

There was and is no conflict because the allegations against Mr. Doyle do not stem from and have no relationship to The Florida Bar or Mr. Doyle's role as Executive Director of The Florida Bar. But, because of his position at The Florida Bar and GT's professional representation of The Florida Bar, I felt it best for me personally to remain apart from that aspect of the defense. Mr. Doyle himself is not and has never been a client of GT. Further, I personally have never represented The Florida Bar or Mr. Doyle. GT's representation of The Florida Bar has no relation to the charges against Burnette.

Finally, I note that Burnette previously waived any potential or actual conflict when he engaged GT.

## FACTUAL BACKGROUND

I have represented Burnette since February 27, 2018. Burnette retained me to defend him with Tim Jansen of Jansen & Davis, P.A. At the time, Burnette signed an engagement letter containing a waiver of any current or prospective conflict of interest that GT might have or that might arise in the future.

On May 9, 2019, a grand jury returned a Superseding Indictment adding Burnette as a defendant. Doc. No. 54. On May 10, 2019, I filed a Notice of Appearance. Doc. No. 66. Shortly after a grand jury returned a Second Superseding Indictment on October 2, 2019, the Government provided an updated Witness List on October 4, 2019. On this Witness List, the Government included Mr. Doyle as a witness it "may" call at trial. On October 9, 2019, Michael Ufferman of the Michael Ufferman Law Firm, P.A. filed his Notice of Appearance to join the defense team. Doc. No. 160. On October 21, 2019, Burnette, Messrs. Jansen and Ufferman made the strategic decision to file the Motion containing assertions about Mr. Doyle when he was an FBI agent. Doc. No. 177.

While the Motion initially included my name on the signature block, on October 24, 2019, an amended motion was filed withdrawing my name. Doc. No. 180. As noted above, that amendment was made not because an actual or potential conflict existed, but rather it said "in order to avoid any *appearance* of conflict" *See* Doc. No. 180. at n.1 (emphasis added).

## **LEGAL STANDARD**

The Sixth Amendment "guarantees criminal defendants that [i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence [sic]." *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994) (internal quotations and citations omitted). The Supreme Court has recognized that

"an essential part of that right is the accused's ability to select the counsel of his choice." *Id*. Furthermore, "[a]n attorney may be disqualified when an actual or even a potential conflict of interest exists, but the defendant may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary." *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006) (internal quotations and citations omitted).

Conflicts of interest posed by current clients is governed by Rule 4-1.7 of the Florida Bar's *Rules of Professional Conduct*:

> **(a) Representing Adverse Interests.** Except as provided in subdivision (b), a lawyer must not represent a client if:
> (1) the representation of 1 client will be directly adverse to another client; or
> (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> **(b) Informed Consent.** Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

In addition, the *Restatement 3d of the Law Governing Lawyers* elaborates on the representation of an organization:

> Representation of a client organization often is facilitated by a close working relationship between the lawyer and the organization's officers, directors, and employees. However, *unless the lawyer and such an individual person enter into a client-lawyer relationship* (see § 14, Comment f), *the individual is not a client of the lawyer* (see § 121, Comment d).

*See* § 131 (emphasis added). For example:

> When a lawyer is retained by Corporation A, Corporation A is ordinarily the lawyer's client; neither individual officers of Corporation A nor other corporations in which Corporation A has an ownership interest, that hold an ownership interest in Corporation A, or in which a major shareholder in Corporation A has an ownership interest, are thereby considered to be the lawyer's client.

*See Id*. at § 121. Thus, while The Florida Bar is GT's client, Mr. Doyle is not.

## Legal Argument

The Government's motion should be denied because there is no conflict and, in any event, I have no role as to the motion involving Mr. Doyle and will have no role as to that aspect of the defense.

**I.     The Allegations Against Mr. Doyle Do Not Relate to The Florida Bar or Mr. Doyle's Role and Conduct for The Florida Bar**

The allegations against Mr. Doyle contained in the MTD pertain solely to his conduct while employed by the FBI and statements made by Mr. Doyle about the FBI's investigation of Burnette during a videotaped interview. While those

5

allegations and the support for them (including an expert's opinion) do not involve and have no pertinence to The Florida Bar or Mr. Doyle's position or conduct for The Florida Bar, if the Government or Burnette calls Mr. Doyle as a witness, his testimony would deal with only his previous conduct as an FBI agent in the investigation of Burnette.

The Government's citation to Bar Opinion 96-2 (1996) is inapposite. Bar Opinion 96-2 (1996) involves an advisory opinion on whether a firm that is general counsel to a law enforcement agency on civil matters is permitted to have a lawyer pursue a criminal defense practice in the same county. The Florida Bar is not a law enforcement agency. Moreover, the allegations in the Motion involve Mr. Doyle's actions and/or inactions while employed with the FBI, not The Florida Bar.

**II.     The Florida Bar, not Mr. Doyle, is GT's client.**

There can be no actual or potential conflict because Mr. Doyle is not, and has never been, a client of GT. Rule 4-1.7(a) of the *Florida Bar's Rules of Professional Conduct*, quoted above, prohibits certain representations adverse to a client, not an employee of a client who the lawyer or law firm involved does not represent and has never represented.

While Mr. Doyle is currently the Executive Director of The Florida Bar, it is the organization that is the client, not an individual employee. That is because "unless the lawyer and such an individual person enter into a client-lawyer

6

relationship, the individual is not a client of the lawyer." *Restat 3d of the Law Governing Lawyers*, § 131. Accord *Fla. RPC 4-1.13(a)* ("a lawyer employed or retained by an organization represents the organization . . .").[1] Since an organization is a separate and distinct entity from the individuals who run it, the Government has misconstrued the identity of GT's "client" here.

### III. Mr. Kehoe and GT Are Not Involved with the Motion and GT's Representation of The Florida Bar Has No Relation to Burnette

As explained, neither I nor GT are involved and will not be involved with the Motion or the aspect of the case it addressed. As noted, with Mr. Burnette's approval, I have removed my name from the signature block of the motion and will not be arguing the motion or dealing with its substance. That was to avoid the appearance of a conflict, not an acknowledgement of conflict.

As explained there is no conflict because no allegation about Mr. Doyle pertains to The Florida Bar. GT's representation of the Florida Bar has no relation to the charges against Burnette, Mr. Doyle's involvement in the Burnette investigation as an FBI agent, or Mr. Doyle's role at or employment with The Florida Bar.

---

[1] The Rule continues "acting through its duly authorized constituents", which include its officers. But the Comments to the Rule make clear that is included to make clear who the lawyer takes instruction from and does not mean that the constituents are themselves clients. Comment to *Fla. RPC 4-1.13(a)*.

7

## **CONCLUSION**

For the following reasons I respectfully request this Court to deny the motion to disqualify me and GT from further representation of Burnette, and respectfully submit that there is no basis or need for a hearing on that question.

Dated: November 12, 2019          Respectfully submitted,

/s/ Gregory W. Kehoe
Gregory W. Kehoe
Florida Bar No. 0486140
kehoeg@gtlaw.com
Greenberg Traurig, P.A.
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Defendant John Thomas Burnette*

## CERTIFICATE OF CONFERENCE

In accordance with the local rules, the undersigned conferred with counsel for the United States of America regarding the relief sought in this motion. The United States of America objects to the relief sought in this motion.

/s/ Gregory W. Kehoe<br>Attorney

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this paper contains 1680 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local rule 7.1(F).

/s/ Gregory W. Kehoe<br>Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Gregory W. Kehoe<br>Attorney