IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                    4:18CR76-RH

JOHN THOMAS BURNETTE.
_____/

## DEFENDANT'S SEALED OMNIBUS MOTION *IN LIMINE*

Defendant, John Thomas Burnette ("Burnette"), pursuant to Federal Rule of Criminal Procedure 12, respectfully moves the Court to exclude Government Exhibits 201, 206, 207, 232, 344, 345, 349, 78, 82, 91(i), 91(j), 92(g), 92(h), 96(a), 96(b), 96(e), and 96(f) from evidence at trial.[1]  In support, Burnette states as follows:

## INTRODUCTION

The Government improperly seeks to introduce several categories of documents into evidence.  *First*, the Government seeks to introduce multiple exhibits containing incomplete text message compilations that cannot be authenticated. These prejudicial compilations are inaccurate depictions of text

---

[1] As will be detailed below, Burnette is only seeking to exclude a specific portion of Government Exhibits 78 and 82.

message conversations between individuals in this case and include inadmissible hearsay from unrelated individuals.[2]

**Second**, the Government is seeking to introduce an exhibit entitled Redacted  that was amended from the version produced in discovery.[3]  Despite amending this exhibit by removing the  Redacted , the Government failed to notify Burnette that it was amending the document or provide any information that would authenticate or support the accuracy of the amended document.

**Third**, the Government seeks to introduce exhibits containing hearsay and improper and prejudicial speculation by  Redacted .[4]  These categories of documents also fail to satisfy Federal Rule of Evidence 403 because their probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and/or misleading the jury.  Moreover, these documents are likely to confuse the jury because they are either (i) compiled in a way that affirmatively misrepresents conversations, or (ii) made to conjure an emotional appeal with the jury through an individual's personal feelings rather than personal knowledge.  As such, these documents should not be admitted into evidence.

---

[2] Government Exhibits 201, 206, 207.
[3] Government Exhibit 232.
[4] Government Exhibits 344, 345, 349.

*Fourth*, the Government seeks to introduce <span>Redacted</span>

<span>Redacted</span>. Any purported probative value of this portion is outweighed by its prejudice.[5]

*Finally*, the Government intends to introduce portions of audio recordings and corresponding transcripts from <span>Redacted</span>

<span>Redacted</span> <span>Redacted</span> include highly prejudicial statements that substantially outweigh any probative value and, therefore, fail to satisfy Rule 403. Additionally, <span>Redacted</span> have nothing to do with the facts at issue and would only serve to confuse the relevant issues for the jury. Thus, the Court should exclude these portions of the audio recordings and transcripts. Each objection will now be discussed in turn.

## LEGAL ARGUMENT

I.  **The Court Should Exclude Government Exhibits 201, 206, And 207 From Evidence Because These Exhibits Cannot Be Properly Authenticated.**

Government Exhibits 201, 206, and 207, filed under seal as **Exhibit "A," "B," and "C"** respectively, are compilations of text messages between various parties. These exhibits cannot be properly authenticated because the compilation of text messages: (i) are not an accurate depiction of the text message conversations between the parties, and/or (ii) include irrelevant communications

---

[5] Government Exhibits 78 and 82.
[6] Government Exhibits 91(i), 91(j), 92(g), 92(h), 96(a), 96(b), 96(e), and 96(f)

with individuals that have no involvement or relevance to this case and as such are inadmissible hearsay.

In December of 2020, Burnette raised this authentication objection to Government Exhibit 206 with the Government.   In response, the Government informed Burnette that Government Exhibits 201 and 206 were generated from Redacted, that neither exhibit purports to be an exhaustive list of all communications between Redacted, and the exhibits will not be entered into evidence for that purpose.   Furthermore, the Government stated that to the extent there are relevant text messages not included in these exhibits Burnette can explore them through cross-examination.   Following this communication, Burnette awaited the Government's final exhibit list to see if these exhibits had been amended or whether any further witnesses or exhibits would be included for authentication. Based on a review of the Government's final exhibit list, no such amendments or additions were made.

Government Exhibits 201, 206, and 207[7] should be excluded because they cannot be properly authenticated.   According to Federal Rule of Evidence 901: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."   FED. R. EVID. 901.   More specifically,

---

[7] Government Exhibit 207 is a compilation of text messages entitled Redacted

"[e]vidence may be authenticated through the testimony of a witness with knowledge." *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011). Admittedly, "[t]he proponent need only present enough evidence 'to make out a prima facie case that the proffered evidence is what it purports to be.'" *Id.* (quoting *United States v. Caldwell*, 776 F.2d 989, 1002 (11th Cir. 1985)). Here, however, the Government has not provided any methodology report or witness to authenticate how Government Exhibits 201, 206, and 207 were created. Moreover, no witness will be able to testify that these text message exhibits are true and accurate depictions of all the text messages during the relevant time periods.

For example, while the Government has represented that Government Exhibits 201 and 206 were generated from ▮Redacted▮, the Government has failed to present any methodology report to confirm this representation. In addition, there is no expert witness on the Government's witness list that can testify as to how these exhibits were created, and the Government has not indicated that the two case agents or anyone else listed on its witness list are qualified to do so. Although the Government has stated that the texts messages in Government Exhibits 201 and 206 are not an exhaustive list of all communications between ▮Redacted▮, without any indication otherwise, it would appear to a jury that these exhibits are just that, an exhaustive list of communications.

Government Exhibit 201 is described as [Redacted] [Redacted] however, given that Government Exhibit 206 contains additional messages between [Redacted] , Government Exhibit 201 is not a fair and accurate depiction of what it claims to be in its description.[8]   Without a methodology report or an appropriate witness, Government Exhibit 201 cannot be properly authenticated.

Similarly, while Government Exhibit 206 is described on the Government's exhibit list as [Redacted] " it misleadingly implies that it is a fair and accurate depiction of all text message communications between [Redacted] .  Government Exhibit 206, like Government Exhibit 201, is a selection of text messages between [Redacted] [Redacted] compiled in a way that tends to misrepresent the conversations contained therein because they are incomplete.   Government Exhibit 206 does not even include text messages [Redacted] .

Moreover, several messages included in Government Exhibit 206 are incomplete because the Government failed to increase the cell size to include the

---

[8] Defense Exhibit 390 is the same as Government Exhibit 201.  Burnette has included Defense Exhibit 390 out of an abundance of caution; however, Burnette does not intend on entering this exhibit into evidence during his case-in-chief. Instead, Burnette will use this exhibit for impeachment or to refresh a witness's recollection.  Conversely, the Government has represented to Burnette that it does intend to introduce Government Exhibit 201 into evidence in its case-in-chief.

full message.[9]  Thus, not only does the exhibit not include all the communications between ████ Redacted ████, but some do not even include a complete communication. The Government cannot authenticate a communication that is incomplete in the exhibit because it failed to properly format the document.

Lastly, Government Exhibit 207 is also not a fair and accurate depiction of all the messages between the parties contained within the exhibit. First, it contains incomplete messages due to the Government's failure to increase the cell size to include the full message. Second, Government Exhibit 207 is described as ████ Redacted ████ but appears to contain messages from ████ Redacted ████ that (as there has been no methodology report provided) ████ Redacted ████ ████ Redacted ████ by message type (iMessage, SMS, etc.) rather than chronologically. However, it is unclear whether these messages include the complete conversations between all these individuals, whether these messages only include parts of conversations that were group texts with ████ Redacted ████ and were included in the iCloud extraction, or are some other compilation of messages selected by the document's unknown author. If other messages exist between these individuals that would complete these conversations,

---

[9] For example, see rows 1660 and 2384 in Ex. B.

then Government Exhibit 207 is not a fair and accurate depiction of the conversations it purports to represent, and should be excluded.

Without any evidence detailing the methodology of how Government Exhibits 201, 206, and 207 were created, these exhibits cannot be properly authenticated, and should be excluded. Burnette should not have to explore the authentication and content of these exhibits through cross-examination when the Government has not provided the evidence needed for them to be admitted in the Government's case-in-chief.

## II.    The Court Should Also Exclude Government Exhibit 207 Because It Contains Irrelevant Messages and Inadmissible Hearsay.

The Court should also exclude Government Exhibit 207 because the entire exhibit is irrelevant. It consists of **Redacted** littered with inadmissible hearsay because it includes text message conversations between **Redacted** and an array of individuals that have nothing to do with this case. For example, Government Exhibit 207 includes messages relating to **Redacted**

None of these conversations with unrelated individuals, have any relevance to a single fact in the Government's case.

Additionally, the Court should exclude Government Exhibit 207 because the entire exhibit consists of inadmissible hearsay under Rule 801(c). Because the text messages between ████ Redacted ████ are contained in Government Exhibit 207, and because none of these individuals are alleged to be co-conspirators or have any relevance to the issues at trial, the entirety of Government Exhibit 207 is inadmissible hearsay. There is no conceivable non-hearsay purpose for all of the statements included in Government Exhibit 207, nor is there any hearsay exception upon which these statements can be admitted into evidence. As such, the Court should exclude Government Exhibit 207 from evidence pursuant to Rules 401, 402 and 801 of the Federal Rules of Evidence.

**III.    Any Potential Probative Value Of Government Exhibits 201, 206, And 207 Is Substantially Outweighed By Unfair Prejudice, Confusing The Issues, And Misleading The Jury.**

Even if the Government could articulate some way in which Exhibits 201, 206, and 207 could be authenticated and were relevant—which it cannot—the probative evidentiary value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. Thus, the Court should exclude this evidence under Rule 403.

If the Government agrees that Exhibit 206 is not an exhaustive list of communications between ████ Redacted ████, and the Government is not

9

intending to use it as a summary exhibit of selected text messages under Rule 1006 or for use for impeachment or refreshing a witnesses' recollection, then there is no legitimate purpose to introduce an incomplete compilation of text messages into evidence. Specifically, it is a compilation of text messages that does not include relevant time periods and is not even formatted in a manner to allow the jury to read entire text messages in chronological order.

Moreover, Government Exhibit 207 contains a slew of text messages on a range of topics that have nothing to do with this case. Allowing such an exhibit to be entered into evidence will only serve to confuse the jury. ▆▆Redacted▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ are simply irrelevant and their admission will only distract and confuse the jury.

## IV.   The Court Should Exclude Government Exhibit 232 Because It Contradicts Other Evidence The Government Produced To Burnette.

Government Exhibit 232, entitled ▆▆▆▆▆Redacted▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ should be excluded because it affirmatively misrepresents the evidence supporting the exhibit that the Government has produced. Government Exhibit 232, filed under seal as **Exhibit "D,"** is a revised version of the same ▆▆Redacted▆▆ provided to Burnette in discovery and is identified by the same bates number. A copy of the prior version of the document is included on Burnette's exhibit list as Defense Exhibit 786 and filed under seal as

**Exhibit "E."**  While identified by the same bates number, Government Exhibit 232, unlike the prior version, does not include the ██████ Redacted ██████ ████████████████████████████  Despite raising this issue with the Government, the Government has refused to provide a new bates number for Government Exhibit 232 or provide any explanation or any further evidence that would substantiate why this amount was removed from the total.

According  to  the  ████████ Redacted ████████ ████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████ The Government has not provided any additional *Jencks* material from ██████ Redacted ██████ or provided a

11

reason why this document (identified by the same bates number as the original) was amended.

To the extent that the Government has *Jencks* or *Brady* material or other information supporting its amendment to this chart, this Court should Order the Government to produce it.  Without this information, Government Exhibit 232 is inaccurate and affirmatively misrepresents the same document that was produced in discovery.  Consequently, it should be excluded.

**V.     The Court Should Exclude Government Exhibits 344, 345, 349 Because They Contain Inadmissible Hearsay And Their Probative Value Is Substantially Outweighed By A Danger of Unfair Prejudice.**

Government Exhibits 344, 345, 349 filed under seal as **Exhibits "F," "G,"** **and "H"** respectively, include impermissible hearsay as well as ▮Redacted▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ For example, in Government Exhibit 344, ▮Redacted▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Redacted**

Likewise, Government Exhibit 345 also includes **Redacted**

Similarly, Government Exhibit 349 is an email **Redacted**

The Government's use of **Redacted** in Government Exhibits 344, 345, and 349 is simply inadmissible hearsay, speculation, and an emotional appeal to mislead the jury.

Moreover, as the Government is keenly aware, **Redacted**

**Redacted**

Admitting such evidence is not only unfairly prejudicial, but also will lead to a

mini-trial over **Redacted** on a whole array of issues

throughout 2013 and into early 2014.   Should the Court allow **Redacted**

**Redacted** statements to be admitted, Burnette should be permitted to explore all

of the inaccuracies of **Redacted**

**Redacted**

**Redacted**

**Redacted** What is

relevant is what occurred, **Redacted**

**Redacted** **Redacted** is just as irrelevant as certain potential

witnesses' opinions **Redacted**

**Redacted**

**Redacted**

## VI.   Government Exhibits 78 and 82 Should be Redacted To Exclude Prejudicial Portions That Are Inadmissible Pursuant to Rule 403.

The Government has also included audio clips and transcripts containing

unfairly prejudicial content which should be excluded under Rule 403.   For

example, Government Exhibit 82,[10] which has been filed under seal as **Exhibit**

**"I,"** contains the following **Redacted**

---

[10] Government Exhibit 82 is a transcript of Government Exhibit 78.

Redacted

In January, Burnette conferred with the Government about this statement. The Government represented that the statement was being offered for the

Redacted The

Government's response is disingenuous at best.[11] In fact, a review of the transcript

---

[11] It is concerning to Burnette that the Government would represent that the statement was being used for Redacted



Ex. I

at 2. This is a very different question and is not a highly prejudicial leading

statement.

– there can be no

probative value in the response it elicits. Furthermore, the types of language and

statements used between

Thus, the Court should preclude the Government from admitting this portion

of the recording into evidence.

**VII. The Court Should Exclude Government Exhibits 91(i), 91(j), 92(g), 92(h), 96(a), 96(b), 96(e), and 96(f) As Irrelevant Under Rules 401 And 402 And Unduly Prejudicial Under Rule 403.**

While both parties intend to introduce certain audio clips of Redacted

statements for non-hearsay purposes, Government Exhibits 91(j), 92(h), 96(b), and

96(f)[12], which have been filed under seal as **Exhibit "J," "K," "L," and "M**[13]**"**

---

[12] The corresponding audio clips that are not filed under seal are 91(i), 92(g), 96(a), and 96(e).

respectively, include statements that are inadmissible because they are not relevant, highly prejudicial, and likely to confuse the issues for the jury.  Importantly, while this Court has previously ruled that statements related to Maddox's recusal are relevant and admissible to weigh the veracity of the Government's allegation that in or about December 2013 a bribe was paid for such recusal, the [Redacted] [Redacted] included in Government Exhibits 91(j), 96(b), and 96(f) are irrelevant, prejudicial, and would confuse the issues for the jury as they [Redacted]

[Redacted]

[Redacted]

 The oral and written statements from [Redacted] that Burnette may introduce into evidence go directly to relevant trial issues — [Redacted]

[Redacted]

[Redacted] Indeed, the Court denied the Government's previous motion *in limine* to exclude [Redacted] statements because the statements, along with other evidence reflecting the public nature of Maddox's recusal, were deemed relevant and admissible.  The Court reasoned:

> [I]f the facts are that Mr. Maddox recused himself in advance of the payment that the government says was a bribe to recuse himself, and if Mr. Burnette knew he had recused himself, it does affect the analysis of whether the

---

[13] While the header of the subsequent pages identifies this exhibit as Government Exhibit 96(f), there is a scrivener's error on the cover page incorrectly identifying the exhibit as Government Exhibit 96(d).

money was really a bribe to get him to do something he had already said he would do, and so it matters that Mr. Maddox had recused himself.  It matters that it got reported. Because the recusal that gets reported it's probably a little harder to then withdraw.  And statements made ahead of time, that might have contributed to the recusal, may play into that also.

Hr'g Trans 7:21-8:6. The Court, however, cautioned the parties about making

Redacted a feature of the trial:

> You can prove Mr. Maddox's recusal and the circumstances that led to it, but you need to do it focused on what matters in this case and not all that other stuff. There's material quoted in the – I believe it's in the government's memorandum on this…The material quoted in the government's response, and there is material in the record, that plainly is not going to come in under Rule 403. Much of it is irrelevant also, but even if it was deemed relevant, or part of the same document, it would not come in. I don't think it ought in fairness to be considered together. I don't think some of that material would come in under Rule 106, but even if 106 is otherwise deemed applicable that stuff is not coming in under 403.  Some of that is the very paradigm of why Rule 403 is in the book. Enough said about that.  The ruling basically is that the motion *in limine* is denied, but I do want the defense to hear the explanation and know very well that you can do what really goes to the issues, and please don't try to go beyond it. Enough said probably along those lines.

*Id.* at 8:14-9:10. Based on the Court's ruling, the statements included in

Government Exhibits 91(i), 91(j), 92(g), 92(h), 96(a), 96(b), 96(e), and 96(f) are

inadmissible.  While the Government has represented that these clips are only

listed in an abundance of caution in case they are needed based on any argument,

cross-examination, or other evidence introduced by Burnette, a review of these short audio transcripts reflects that there is no conceivable purpose for them to be used at trial.

Government Exhibits 91(i) and 91(j) focus solely on █████Redacted█████

████████████████████████████████████████████████████

███████████████████████████████  While other of █Redacted█

████████  have comments related to █Redacted█ which are inextricably intertwined with discussions of █Redacted█ or other topics, the specific audio clip at issue only addresses █Redacted█.  Given that █Redacted█ has nothing to do with this case, any evidence solely related to █Redacted█ is irrelevant and its admission will only serve to confuse the jury.

Government exhibits 92(g) and 92(h) also include irrelevant discussions of █Redacted█ business interests as well as █████Redacted█████

████████████████████████████████████████████████████

Furthermore, there would be no conceivable basis to use these statements for impeachment or any other purpose.  While these exhibits include █Redacted█

███████████████████████████  Burnette already has relevant statements from ███████Redacted███████ during this commission meeting in Defense Exhibits 34 and 35 that do not include any reference to █Redacted█ or any other inadmissible content.

Government Exhibits 96(a) and 96(b) should be limited only to [Redacted]

[Redacted]

[Redacted]

[Redacted] Burnette's use of the commission meeting on [Redacted]

[Redacted]

[Redacted]

[Redacted] Additionally, [Redacted]

[Redacted]

[Redacted]

[Redacted]

Government Exhibit 96(b) is wholly irrelevant and is likely to confuse the jury

between the [Redacted]

[Redacted]

[Redacted] and therefore should be excluded.

Lastly, Government Exhibits 96(e) and 96(f) should be excluded because the

relevant portions of [Redacted] are already included in Burnette's

defense exhibits, namely the portions that relate to [Redacted] The remainder of

Government Exhibit 96(f) includes [Redacted]

[Redacted]

[Redacted] Allowing evidence

regarding [Redacted] is highly prejudicial to Burnette and is completely irrelevant to this case. Moreover, allegations concerning [Redacted] is also entirely irrelevant. While Burnette narrowly tailored his selection of [Redacted], it seems the Government has gone through each [Redacted]

[Redacted]

[Redacted] on its exhibit list. These clips do not need to be included out of an abundance of caution because there is no conceivable situation where any of these clips would be relevant and admissible. Consequently, this Court should exclude these clips and transcripts from evidence at trial.

## CONCLUSION

Burnette respectfully requests that the Court exclude Government Exhibits 201, 206, 207, 232, 344, 345, 349, 78, 82, 91(i), 91(j), 92(g), 92(h), 96(a), 96(b), 96(e), and 96(f) from evidence and grant such further relief that the Court deems just and appropriate.

Dated: <u>June 1, 2021.</u>                    Respectfully submitted,


                                        /s/ Gregory W. Kehoe
                                        Gregory W. Kehoe
                                        Florida Bar No. 0486140
                                        kehoeg@gtlaw.com
                                        Jordan L. Behlman
                                        Florida Bar No. 111359
                                        behlmanj@gtlaw.com

Greenberg Traurig, P.A.
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

R. Timothy Jansen
Florida Bar No. 0691208
jansen@jansenanddavis.com
Jansen & Davis, P.A.
125 N Franklin Blvd.
Tallahassee, FL 32301
Telephone: (850) 224-1440
Facsimile: (850) 224-0381

Adam Komisar
Florida Bar No. 86047
adam@komisarspicola.com
1625 N. MLK Jr. Blvd.
Tallahassee, FL  32303
Telephone: (850) 591-7466

Michael Ufferman
Florida Bar No. 114227
ufferman@uffermanlaw.com
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, FL  32308
Telephone: (850) 368-2345
Facsimile: (850) 224-2340

*Counsel for Defendant John Thomas
Burnette*

## CERTIFICATE OF CONFERENCE

In accordance with the local rules, the undersigned conferred with counsel for the United States of America regarding the relief sought in this motion.  The United States of America objects to the relief sought in this motion.

/s/ Gregory W. Kehoe
Attorney

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this paper contains 4772 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

/s/ Gregory W. Kehoe
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Gregory W. Kehoe
Attorney