THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**  **UNDER SEAL**

**v.**  Case No. 4:18cr76-RH/EMT

**JOHN THOMAS BURNETTE,**

    **Defendant.**

_____/

**GOVERNMENT'S SEALED MOTION *IN LIMINE*
TO EXCLUDE "REVERSE" 404(b) EVIDNCE**

    The United States of America, by and through undersigned counsel, respectfully moves the Court to exclude the "reverse" 404(b) evidence (the "Reverse 404(b) Evidence") noticed by the defendant John Thomas Burnette ("Burnette" or "the defendant").  On June 1, 2021, the defendant provided notice, for the first time, that he intended to introduce evidence of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬  This evidence was already the subject of a motion in limine by the government, which this Court granted, in relevant part.   ECF No. 263, 265.

    As detailed below, the court has already analyzed the admissibility of this evidence and excluded it, except for proper uses in cross examination.  Nevertheless, the Reverse 404(b) Evidence should be excluded despite the defendant's renewed attempt to admit it because (1) the admission of the extrinsic impeachment evidence

proposed by the defendant would create several mini-trials which would waste the time of the jury, confuse the issues, and mislead the jury; (2) the Reverse 404(b) Evidence is a textbook example of impeachment by extrinsic evidence, prohibited by Federal Rule of Evidence 608(b); and (3) the Reverse 404(b) Evidence is a thinly-veiled attempt to backdoor in an argument that the defendant is a victim of selective prosecution, a legal defense the defendant has not asserted, has disclaimed, and for which there is no support. *See* ECF No. 263 at 11-12.

The central question is not whether the defendant can conduct a vigorous cross-examination of ▉▉▉▉▉▉▉▉▉▉▉▉ or any government witness on any issue relevant to their credibility. The government has not sought to categorically exclude cross examination on the Reverse 404(b) Evidence and the Court has not prohibited such cross examination. ECF No. 263 at 17; ECF No. 265 at 2. The central question is whether the defendant is entitled to waste the jury's time and confuse the issues by presenting witnesses to testify about the Reverse 404(b) Evidence. Under the rules of evidence and this Court's rulings, the answer is no.

**I.    FACTS**

On May 28, 2020, the government filed a Sealed Motion in Limine to Exclude Improper Defense Witnesses. ECF No. 263. The government moved to exclude the testimony of several witnesses, including the five witnesses the defendant now seeks to call in his case in chief: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

████████████████████████████

██████. Mot. at 5-9, ECF No. 263 at 5-8.

The government's basis to exclude these witnesses was that the testimony to be provided by these witnesses was irrelevant, likely to confuse the issues, mislead the jury, and waste time under Rule 403; and because their testimony would constitute extrinsic impeachment evidence that is prohibited by Rule 608. ECF No. 263 at 8. The government acknowledged that "It is surely true that a defendant must be afforded the opportunity to present a defense. . . . Indeed, the right of the accused to assert a complete defense is well established, and has its roots in the Fifth, Sixth, and Fourteenth Amendments to the Constitution." *United States v. Frazier*, 387 F.3d 1244, 1271 (11th Cir. 2004); ECF No. 263 at 8. However, the government pointed out that "the Eleventh Circuit has recognized that the defendant's right to present a defense 'is not unbounded.'" ECF No. 263 at 8-9 (quoting *Frazier*, 387 F.3d at 1271). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." ECF No. 263 at 9 (quoting *Frazier*, 387 F. 3d at 1271 (internal citations omitted)).

On June 1, 2020 this Court granted the government's motion in part, holding

---

1 ████████████████████████████
████████████████████████████

that:

> Unless authorized on a request made outside the jury's hearing, these must not be mentioned in the jury's hearing or suggested to the jury in any way: investigations or events related to transactions not involving the defendant John Thomas Burnette. But this does not limit cross-examination of codefendants; this order makes no ruling one way or the other on the permissible scope of cross-examination of codefendants on transactions not involving Mr. Burnette.

ECF No. 265 at 2.

## II. LEGAL ANALYSIS

The present issue before the Court is not the proper scope of cross examination of ▬▬▬▬▬▬▬▬▬▬▬▬. The government has recognized that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ECF No. 263 at 17. This Court's order does not prohibit the defendant from cross examining ▬▬▬▬▬▬▬▬▬▬▬▬ about the Reverse 404(b) Evidence. ECF No. 265 at 2.

The present issue is whether the defendant is entitled to present cumulative, confusing, misleading and time-wasting evidence in the form of testimony from the witnesses listed above about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Mot. at 12.



4

The defendant is not entitled to do so—the Rules of Evidence are designed to avoid precisely this type of mini-trial sideshow on collateral issues that the defendant intends to conduct in his case in chief.

Extrinsic evidence about the Reverse 404(b) Evidence should be excluded for several reasons.  First, it is not what is contemplated by what the Eleventh Circuit has described as "reverse" 404(b) evidence but truly an acknowledgement that defendants should be allowed broad cross examination of cooperating government witnesses.  Second, it should be excluded under Rule 403 because of the significant dangers of waste of time, confusion of the issues, and misleading he jury.  Third, it is prohibited impeachment by extrinsic evidence.  Finally, this evidence should be excluded as an improper attempt to sneak in through the back door evidence of selective prosecution without meeting the evidentiary predicate.

### A.    "Reverse" 404(b) evidence is intended as broad impeachment, not a litany of witnesses testifying to a witness's prior acts.

The defendant motion relies exclusively on the concept of "reverse" 404(b) evidence as a separate category of evidence that opens the flood gates to a defense predicated on putting a government cooperator on trial for "prior bad acts."  Mot. at 10-12.  In doing so, the defendant relies heavily on *United States v. Cohen*, 888 F.2d 770, 775 (11th Cir. 1989), but "what the defendants are characterizing as a defense, is nothing more than the admission of evidence to impeach a government witness who, obviously to gain grace with the government, colors his testimony to magnify

5

the role of the defendant in a criminal enterprise." *United States v. Cardoen*, 898 F. Supp. 1563, 1580 (S.D. Fla. 1995), aff'd sub nom. *United States v. Johnson*, 139 F.3d 1359 (11th Cir. 1998). "Reverse" 404(b) evidence, therefore, is nothing more than broad cross examination, which the government has not sought to preclude, and which this court has not signaled it will prohibit.

In *Cohen*, the Eleventh Circuit overturned the conviction of a defendant because the trial court had refused to allow the defendant to admit *any* evidence that a government cooperating witness engaged in other fraudulent activity. 888 F.2d at 776. The defense sought to admit this evidence to show that the "government's witness was capable of concocting and managing the fraudulent scheme without the [defendants'] participation." *Id*. *Cohen* is distinguishable on this key point—the government has not sought to prohibit the defendant from cross examining ▮▮▮▮ on other conduct that is probative of truthfulness, and this Court has not excluded such cross examination.²

*Cohen* is also distinguishable because ▮▮▮▮

---

² Critically, the government's cooperating witness in *Cohen* "was the government's primary witness to the extent of [Cohen's] participation." *Cohen*, 888 F.2d at 776. ▮▮▮▮

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████  The Eleventh Circuit has distinguished *Cohen* where "the jury that convicted the [the defendant] was fully aware that the [defendant's] co-conspirators . . . had committed prior fraudulent acts over an extended period of time." *United States v. Colwell*, 140 F. App'x 64, 73 (11th Cir. 2005). The court found persuasive that "[t]he existence of the prior frauds by [the cooperating witnesses] was elicited during direct examination by the government, and the district court permitted the defendants to confirm that the prior fraudulent activities that the [cooperating witnesses] admitted to involved the same sort of activity at issue in this case." *Id*. This case is analogous. ███████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████.

B.     **The Reverse 404(b) Evidence is inadmissible under Rule 403.**

The defendant's Reverse 404(b) Evidence falls within two categories: █

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████. Both of these categories of the Reverse 404(b) Evidence should be excluded under Federal Rule of Evidence 403.

The first category of evidence, relating to ███████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████. The government has not sought to preclude the defendant from questioning ████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███    Even if it did, the minimal probative value would be significantly outweighed by the dangers of wasting the jury's time, the needless presentation of cumulative evidence, confusing the issues, and misleading the jury, and so should be excluded under Rule 403.

8

The rest of the Reverse 404(b) Evidence falls in the second category. ███

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████  Regarding these facts, should the defendant question ██████ ██████ about these facts and the witnesses deny them, the defendant is "stuck with the answer" under Federal Rule of Evidence 608(b), discussed below, but any additional extrinsic evidence should also be excluded under Rule 403.  Allowing the defendant to present testimony from ████████████████████████████ does nothing more than create multiple mini-trials regarding what occurred with these people and whether what happened was criminal or otherwise relevant to the witnesses' credibility.  Avoiding this sideshow is precisely the purpose of Rule 403—avoiding needless wastes of the jury's time on issues that they need not consider.

The defendant may expect that ██████████████████ may admit the conduct described in the Reverse 404(b) Evidence but deny that this conduct constitutes a crime or is otherwise improper.  The defendant has made reference in another motion to ████████████████████████████████████████ ████████████████████████.  *See* ECF No. 334 at 3.  ██████████████

9

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ Not only would this waste the jury's time, but it would completely confuse the issues and mislead the jury into thinking they need to adjudicate whether other conduct by ████████████████ constitutes a crime. This is precisely the kind of evidence Rule 403 is intended to exclude.

    **C.**    **The Reverse 404(b) Evidence is inadmissible under Rule 608(b).**

As is more fully discussed in the government's Motion In Limine to Exclude Improper Defense Witnesses, Federal Rule of Evidence 608(b), provides that "the court may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness

of a witness," but "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." ECF No. 263 at 14. The defendant's notice makes clear that this is precisely what he plans to do with the Reverse 404(b) Evidence:



Mot. at 12.[3] This is not permitted by Rule 608(b).

"If the witness denies the conduct, such acts may not be proved by extrinsic evidence and the questioning party must take the witness' answer . . . unless the evidence would be otherwise admissible as bearing on a material issue of the case." *United States v. Matthews*, 168 F.3d 1234, 1244 (11th Cir. 1999). The Supreme Court has described this as the "widely accepted rule of evidence law that generally precludes the admission of evidence of specific instances of a witness' conduct to prove the witness' character for untruthfulness." *Nevada v. Jackson*, 569 U.S. 505, 510 (2013); *See* FED. RULE EVID. 608(b).

---

[3]   The defendant claims that the "Reverse 404(b) Evidence . . . pertains to the elements of the offense and Burnette's affirmative defense" but does not identify what element or affirmative defense, and the government is aware of no element or defense that the Reverse 404(b) Evidence is relevant to. Mot. at 12.

11

In the government's motion to exclude this evidence, it stated that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ ECF No. 263 at 14.  After reading the defendant's motion, the government need not anticipate the defendant's intent.  He is clear that his intent is to impeach ███████████████ in a manner prohibited by the Rules of Evidence.  The Reverse 404(b) Evidence should therefore be excluded under Rule 608(b).

  **D.** **The defendant is attempting to sneak in an argument of selective prosecution.**

The government expects that the defendant's true purpose in offering this "reverse" 404(b) is to argue to the jury, explicitly or implicitly, that the defendant is being treated unfairly because he was charged in this case but other bribe payors were not.  Indeed, the defendant states that his Reverse 404(b) evidence is necessary to "cast the story told by the prosecution in a significantly different light."  Mot. at 12.  This is improper.  The defendant has already represented to the government that he does not intend to present a defense of selective prosecution, nor could he.  There is no basis for the legal defense of selective prosecution.  *See* ECF No. 263 at 11-12.

Even if there was such a basis, it is well-settled that claims of selective prosecution are legal arguments not proper for the jury's consideration. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an

12

independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Accordingly, "[t]he selective prosecution defense is an issue for the court to decide, not an issue for the jury." *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *see also United States v. Jennings*, 991 F.2d 725, 730 (11th Cir. 1993). In other words, because "[s]elective prosecution has no bearing on the determination of factual guilt," such a claim must "be raised by pretrial motion" and not presented to the jury. *United States v. Scrushy,* 721 F.3d 1288, 1305 (11th Cir. 2011).

The defendant has not raised the legal defense of selective prosecution, and even if he did, he could not show any improper conduct by the government in charging the defendant but not charging other bribe payors. ▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉

## III.  CONCLUSION

For the reasons stated here, the Government respectfully requests that this Court exclude the defendant's noticed Reverse 404(b) Evidence.

Respectfully submitted on June 18, 2021.

LAWRENCE KEEFE
United States Attorney

*/s/ Stephen M. Kunz*
STEPHEN M. KUNZ
GARY K. MILLIGAN
ANDREW J. GROGAN
Assistant United States Attorney
Florida Bar No. 322415
D.C Bar No. 484813
Florida Bar No. 85932
111 North Adams St., 4th Floor
Tallahassee, FL 32301
(850) 942-8430
stephen.kunz@usdoj.gov
gary.milligan@usdoj.gov
andrew.grogan@usdoj.gov

COREY R. AMUNDSON
Chief
Public Integrity Section

*/s/ Peter M. Nothstein*
PETER M. NOTHSTEIN
Deputy Chief
ROSALEEN T. O'GARA
Trial Attorney
Maryland Bar No. 0512140322
Arizona Bar No. 029512
Public Integrity Section
Criminal Division
1331 F Street NW
Washington, D.C. 20005
(202) 514-2401
(202) 616-2464
peter.nothstein@usdoj.gov
rosaleen.o'gara2@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion has been filed via the CM/ECF filing system on June 18, 2021, and thereby has been provided to counsel for defendant Burnette.

<i>/s/ Peter M. Nothstein</i><br>
Peter N. Nothstein<br>
Deputy Chief

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that counsel for defendant Burnette has indicated that he objects to this Motion.

<i>/s/ Peter M. Nothstein</i><br>
Peter N. Nothstein<br>
Deputy Chief

## LOCAL RULE 7.1(F) CERTIFICATE

I HEREBY CERTIFY that, in accordance with NDFL Local Rule 7.1(F), this motion does not exceed 8,000 words.

<i>/s/ Peter M. Nothstein</i><br>
Peter M. Nothstein<br>
Deputy Chief