IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                     4:18CR76-RH

JOHN THOMAS BURNETTE.
_____/

### DEFENDANT'S SEALED MOTION TO EXCLUDE
### Redacted AS AN EXPERT WITNESS

Defendant, John Thomas Burnette ("Burnette"), respectfully files his Motion to Exclude Redacted as an Expert Witness (the "Motion"). In support, Burnette states as follows:

### PRELIMINARY STATEMENT

Although the Government has not disclosed Redacted as an expert witness, based on the Government's Trial Memorandum it is clear that the Government intends to call Redacted to provide Redacted, intruding on the province of the jury and this Court. *See* Government's Trial Memorandum [Doc. No. 352] at p. 34. Redacted is expected to testify that Redacted



with respect to a City Council vote regarding the McKibbon Hotel Group. *Id.*

To avoid the requirements of Federal Rule of Evidence 702, the Government failed to list [Redacted] as an expert witness, but instead is attempting to get his [Redacted] in front of the jury by presenting [Redacted] as a fact witness. Even if this Court finds that [Redacted] is not an undisclosed expert, his [Redacted] should be excluded because it will be unfairly prejudicial and mislead the jury because of his previous role as [Redacted].

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702:

> Rule 702. Testimony by Expert Witnesses
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. Not only has the Government failed to disclose [Redacted] as an expert, it has also failed to comply with Rule 702 to allow [Redacted] testimony to be presented to the jury.

2

Moreover, [Redacted] should also be excluded under Federal Rule of Evidence 403 because "its probative value is substantially outweighed by a danger of… unfair prejudice, confusing the issues, [and] misleading the jury." FED. R. EVID. 403. The need for a thorough Rule 403 analysis of expert testimony is particularly important, because as the Supreme Court recognized in *Daubert,* "expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 ... exercises more control over experts than lay witnesses." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 595 (1993). (citation omitted).

**ARGUMENT**

The Government plans to present [Redacted], who [Redacted] Government's Trial Memorandum [Doc. No. 352] at p. 34. By doing so, the Government is attempting to [Redacted] Yet, [Redacted] was not disclosed prior to the Government's Trial Memorandum and should not be presented to the jury as a [Redacted]

A particular danger pervades a courtroom when an alleged expert is permitted to opine on [Redacted] [Redacted]. This is particularly true when the jury is made aware of [Redacted]. As the Seventh Circuit bluntly stated in *United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008), [Redacted] [Redacted]" By direct correlation, the only factfinder is the jury as a collective body. [Redacted] threatens the independence of both. The inference is that [Redacted] [Redacted] [Redacted] This is compounded by the further inference that great weight is to be given to [Redacted] [Redacted]

Even if the Government was not trying to [Redacted] the Court should still exclude [Redacted] under Federal Rule of Evidence 403. Federal Rule of Evidence 403 stands as the final filter for all evidence. Relevant testimony may be excluded pursuant to Rule 403 if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Here [Redacted]

████ Redacted ████

████ Redacted ████

████████████████████████████ based upon the facts as he has interpreted them. This type of testimony weighs the evidence and misleads the jury by making it believe that ████ Redacted ████ ██

### III. CONCLUSION

For the foregoing reasons, Burnette respectfully requests that the Court ████ Redacted ████ because (1) the Government did not disclose ██Redacted██ as an expert and (2) the probative value of ████ Redacted ████ is outweighed by its unfair prejudice and opportunity to mislead the jury.

Dated: July 9, 2021                     Respectfully submitted,

/s/ Gregory W. Kehoe
Gregory W. Kehoe
Florida Bar No. 0486140
kehoeg@gtlaw.com
Jordan L. Behlman
Florida Bar No. 111359
behlmanj@gtlaw.com
Greenberg Traurig, P.A.
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

R. Timothy Jansen
Florida Bar No. 0691208

jansen@jansenanddavis.com
Jansen & Davis, P.A.
125 N Franklin Blvd.
Tallahassee, FL 32301
Telephone: (850) 224-1440
Facsimile: (850) 224-0381

Adam Komisar
Florida Bar No. 86047
adam@komisarspicola.com
PO Box 664
Tallahassee, FL  32302
Telephone: (850) 591-7466
Facsimile: (850) 320-6592

Michael Ufferman
Florida Bar No. 114227
ufferman@uffermanlaw.com
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, FL  32308
Telephone:  (850) 368-2345
Facsimile: (850) 224-2340

*Counsel for Defendant John Thomas Burnette*

## CERTIFICATE OF CONFERENCE

In accordance with the local rules, the undersigned sent correspondence to the Government to confer on this motion and the Government has not responded as of the time of the filing of this motion.

/s/ Gregory W. Kehoe
Attorney

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this paper contains 964 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

/s/ Gregory W. Kehoe
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Gregory W. Kehoe
Attorney