TO THE JURY:

As I said in the courtroom, the schedule is up to you. You may work as long as you like tonight, or you may recess for the evening at any time you choose. If you continue working tonight, we will have dinner brought in, at your request.

If you recess for the evening, you should start again tomorrow morning at 9:00, but you may move the starting time earlier (to as early as 8:00) if you all agree to the change. If you decide to recess, please tell the court security officer that you have made that decision, and tell the officer the time at which you plan to resume in the morning.

One part of this is very important. You may deliberate only when all 12 of you are present. So, if you recess for the evening, you should not start deliberating in the morning until all 12 of you have arrived.

If you recess, please continue to abide by my instructions not to discuss the case with anyone, other than with other members of the jury when all 12 of you are present. And do not obtain any information relevant to the case from any source.

By sending this note, I do not suggest that you should or should not continue working tonight or recess until the morning. That is entirely up to you.

*[signature]*
Robert L. Hinkle
United States District Judge

**United States District Court**
**Northern District of Florida**                                **JURY COMMUNICATION**

Is a public official not being at a dias considered abstaining?
What does "willfully joining" mean in terms of a conspiracy?

1st Count 5th Element - The conspiracy continued on or after May 9, 2014 - Is this point saying that the conspiracy occured after this date & to set the pattern? Could it have occured prior to this date?

If the State of Florida has a law that states a verbal/handshake agreement for contract services, then when Southern Pines stated they wanted to hire Governance at Old Skool and then sent checks, wouldn't that be a verbal/handshake contract for hire of a lobbiest? (No written contract required?)

TO THE JURY:

Abstaining can be an official act as set out on page 8 of the instructions. This is so whether abstaining is carried out by leaving the dais or in some other way.

"Willfully" has the meaning I gave you in the original instructions at page 20.

For the first count, fifth element, it does not matter when the conspiracy began. For this element to be satisfied, you must find that the conspiracy was in existence at some time on or after May 9, 2014.

Under Florida law, a written contract is not required to hire a lobbyist. Note, though, that for the most part, what matters in this case is what the parties understood, not necessarily what the law actually requires.

_____
Robert L. Hinkle
United States District Judge

WE ARE REQUESTING TO LEAVE AT 5.

WE ARE STILL DELIBERATING. We will be back at 9 AM

Fore person

TO THE JURY:

Please keep working until at least 6:00 tonight. You may adjourn then, or you may work later if you choose to do so. If you choose to work later and wish to have dinner brought in, tell the court security officer.

If you decide to recess at 6:00 or later, you should start again tomorrow morning at 9:00, but you may move the starting time earlier (to as early as 8:00) if you all agree to the change. If you decide to recess, please tell the court security officer that you have made that decision, and tell the officer the time at which you plan to resume in the morning.

One part of this is very important. You may deliberate only when all 12 of you are present. So, if you recess for the evening, you should not start deliberating in the morning until all 12 of you have arrived.

If you recess, please continue to abide by my instructions not to discuss the case with anyone, other than with other members of the jury when all 12 of you are present. And do not obtain any information relevant to the case from any source.

By sending this note, I do not suggest that you should or should not continue working after 6:00 or recess until the morning.

*Robert Hinkle*
Robert L. Hinkle
United States District Judge

We will leave at 6pm tonight. We were expecting to leave at 5pm as we ~~have~~ indicated before. A few of us have child pick up duties. Please give us advanced notice if the expectation is for to stay later.

Fore Person

We will start again at 9AM

**United States District Court**
**Northern District of Florida**

**JURY COMMUNICATION**

---

— I have to work my part-time job tomorrow at the Airport as a weather observer from 2:30 pm – 11pm. I am the only one on shift and the closer we get to tomorrow the harder it will be to fill my shift. If we have to come in on Saturaday, I can be available from 8am – 1pm tomorrow.

Question: For Count 7 & 8. Members are disputing a issue that we need your assistance. In the phone calls, can we consider the entire body of evidence or do we only focus on the words of that phone call?

TO THE JURY:

This is the response to your substantive question:

On any issue in the case, you may consider all the evidence.

This is the response to your scheduling question:

You are the only ones who know how long it may take for you to reach a verdict. If you do not reach a verdict this afternoon, please plan to work until at least 6:00 p.m. At that point, as with the last two nights, you may work longer if you wish—and we will have dinner brought in at your request—or you may adjourn for the evening.

If you do not reach a verdict today, please plan to resume your deliberations tomorrow morning. If you still have not reached a verdict by 2:30 tomorrow, you should continue to deliberate. We will adjourn at that time only if you tell me it is impossible to find a replacement for a job that cannot be left vacant. What you are doing here is as important as any other job you might be called on to perform.

You may make telephone calls to address scheduling issues at home or at work.

I understand this a lot to ask. Indeed, you have all been asked to do a lot already. You have provided and are still providing important service. Thank you.

*Robert L. Hinkle*
Robert L. Hinkle
United States District Judge